**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **MENDY HOOD and  NICOLE ROTHLANDER,** | ) ) ) |
| | ) **CIVIL ACTION NO.** |
| **Plaintiffs,** | ) **2:20-cv-00712-SRW** |
| | ) |
| **vs.** | ) **OPPOSED** |
| | ) |
| **JIMMY L. VEAZEY et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MOTION TO DISMISS

Crossroads Community Church a Southern Baptist Fellowship f/k/a Mt. Hebron Baptist Church West ("Mt. Hebron"), Jane Barrett ("Barrett"), Stephen King ("King"), Terry Mullins ("Mullins"), and Elmore Baptist Association, Inc. ("Elmore") (collectively, the "Mt. Hebron Defendants") hereby move this Court, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the Complaint filed by Mendy Hood ("Hood") and Nichole Rothlander ("Rothlander") (collectively "Plaintiffs") for lack of subject-matter jurisdiction.  Plaintiffs do not allege any federal causes of action in their Complaint that raise a federal question to confer subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.  Even though Rothlander alleges she is a resident of Texas, there is not complete diversity among the parties for this Court to have diversity subject-matter jurisdiction under 28 U.S.C. § 1332 because Hood and all Defendants are residents of Alabama.  Plaintiffs further do not make any allegation to suggest their claims exceed $75,000 in value to meet the diversity jurisdiction requirements of 28 U.S.C. § 1332.  Without any federal question or facts to support diversity jurisdiction, the Court does not have subject-matter jurisdiction and must dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

I.      **INTRODUCTION**

Hood and Rothlander initiated this lawsuit on September 4, 2020 against Jimmy L. Veazey ("Veazey"), Mt. Hebron, Barrett, King, Mullins, The State Board of Missions of the Alabama Baptist State Convention and Elmore Baptist Association, Inc.  (Complaint, Doc. 1).  Mt. Hebron, Barrett and The Elmore Baptist Association, Inc. were served with a summons and the Complaint on September 22, 2020.  (Docs. 8, 9 and 10 ).  King was served with a summons and the Complaint on September 24, 2020.  (Doc. 12).  Mullins, who has not yet been served with a summons and the Complaint, appears specially only to contest the Court's subject matter jurisdiction.

Plaintiffs claim that Veazey engaged in inappropriate sexual contact with them during the 1990s in connection with their participation in Mt. Hebron's Youth Group when Veazey served as Youth Pastor.  (Complaint, *generally*, Doc. 1).  Hood alleges she participated in the Youth Group from 7th grade until her 1995 high school graduation.  (Complaint at ¶ 12, Doc. 1).  Rothlander says she was a member of Mt. Hebron from 1991 to 1997.  (Complaint at ¶ 19, Doc. 1).  Both Hood and Rothlander allege a vague set of undated incidents when Veazey engaged in a variety of physical contact with each of them.  (Complaint, *generally*, Doc. 1).

Plaintiffs assert claims for negligence, negligent supervision, intentional infliction of emotional distress and conspiracy.  (Complaint at ¶¶ 28-42, Doc. 1).  Plaintiffs allege Barrett served as Secretary of Mt. Hebron, King served as Pastor of Mt. Hebron and Mullins served as Deacon of Mt. Hebron.  (Complaint at 2, ¶¶ 5, 7-8, Doc. 1).  Although Plaintiffs do not assert that Barrett, King or Mullins had any inappropriate contact with them, Plaintiffs allege the Mt. Hebron Defendants were either aware of Veazey's conduct or failed to supervise him.  *Id.*  Apart from the lack of subject matter jurisdiction, Plaintiffs' claims are not proper in any court because they are

time-barred.  The alleged misconduct occurred over twenty years ago.  If Hood graduated high school in 1995 and Rothlander graduated around 1997, each Plaintiff should now be over forty years old.  The applicable Alabama statutes of limitation for Plaintiffs' state law claims expired two-years after each Plaintiff reached the age of majority.

The Mt. Hebron Defendants assert a facial attack to Plaintiffs' invocation of the Court's subject-matter jurisdiction under Rule 12(b)(1).  When presented with a facial attack on a complaint, the Court should determine whether the complaint sufficiently alleges subject-matter jurisdiction.  *McElmurray v. Consolidated Government of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007).  Similar to evaluating a Rule 12(b)(6) motion, the Court should view the Complaint in the light most favorable to Plaintiffs and accept all well-pled facts alleged in the Complaint as true.  *Id.  See also  McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999) ("'Facial attacks' on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true.") (citations omitted).  Even if the Plaintiffs allegations are true, this Court does not have subject matter jurisdiction to resolve Plaintiffs' Complaint because there are no federal claims and no facts sufficient to support diversity jurisdiction.  *See* 28 U.S.C. 1331, 1332.  As Plaintiffs make no showing to establish federal subject matter jurisdiction, the Court should dismiss all of the Plaintiffs' claims against the Mt. Hebron Defendants.

## II.   <u>ARGUMENT</u>

Plaintiffs' Complaint does not invoke federal subject matter jurisdiction and should be dismissed under Fed. R. Civ. P. 12(b)(1).  A district court may exercise subject matter jurisdiction through two principal methods:  (1) the existence of federal question and (2) complete diversity of citizenship among the parties.  *See* 28 U.S.C. §§ 1331, 1332.  Plaintiffs seeking claims in federal

court bear the burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). Subject-matter jurisdiction cannot be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). When a district court determines that it lacks subject-matter jurisdiction, it must dismiss the complaint in its entirety. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). *See also* Fed. R. Civ. P. 12(h)(3) (stating that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Univ. of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue").

The problems with the Court maintaining jurisdiction over Plaintiffs' claims are apparent from the face of the Complaint. The Complaint itself reveals no federal question and shows that diversity of citizenship is not complete. There is no federal question because Plaintiffs allege only state law claims. Since Plaintiffs allege that Hood and all Defendants are Alabama residents, diversity jurisdiction does not exist either. With a complete absence in the Complaint of any allegations supporting federal subject matter jurisdiction, dismissal under Fed. R. Civ. P. 12(b)(1) is required.

### A.   Plaintiffs raise no federal question for jurisdiction under 28 U.S.C. § 1331

Plaintiffs' claims of negligence, negligent supervision, intentional infliction of emotional distress and conspiracy undoubtedly arise under state law and do not invoke federal question jurisdiction under 28 U.S.C. § 1331. (Complaint at ¶¶ 28-42, Doc. 1). District courts have federal question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. The Supreme Court has taught that a case "aris[es] under" federal law within the meaning of § 1331 if "a well-pleaded complaint establishes either that federal law

creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-690 (2006). Federal question jurisdiction does not exist when the asserted claims are purely based on state law. 28 U.S.C. § 1331; *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-313 (2005).

Plaintiffs do not demonstrate, or even attempt to demonstrate, how their state law claims for negligence, negligent supervision, intentional infliction of emotion distress and conspiracy raise any issues of federal law. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Patel v. Hamilton Medical Center, Inc.*, 967 F.3d 1190, 1195 (11th Cir. 2020) (quoting *Gunn v. Minton*, 568 U.S. 251, 258, (2013)). No potential federal question can be ascertained with even the most liberal and favorable reading of Plaintiffs' Complaint. Plaintiffs cite no federal statutes nor constitutional provisions in connection with the Alabama state law tort claims. Applying this legal analysis here, Plaintiffs have not satisfied their burden in proving that this action arises under federal law for federal subject matter jurisdiction to exist under 28 U.S.C. § 1331.

**B.    There is not complete diversity to support jurisdiction under 28 U.S.C. § 1332**

Without any independent basis of federal question jurisdiction, Plaintiffs cannot maintain their case in federal court because there lacks a complete diversity among the parties and the amount in controversy is not at least $75,000. 28 U.S.C. § 1332. District courts can properly exercise diversity jurisdiction if the parties are of completely diverse citizenship and the case involves an amount in controversy of at least $75,000. *See* 28 U.S.C. §1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from

every defendant." *Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1564 (11th Cir. 1994) (citing *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L.Ed. 435 (1806)).

Diversity of citizenship jurisdiction is deficient for at least two reasons. First, there is not complete diversity among the parties. The Complaint identifies Hood as an Alabama resident and Rothlander as a Texas resident. (Complaint ¶¶ 2-3, Doc. 1). The Complaint then identifies all eight Defendants as citizens of Alabama. (Complaint ¶¶ 4-10, Doc. 1). Because Hood alleges both she and all Defendants are Alabama residents, complete diversity does not exist. Second, Plaintiffs do not allege, nor plead any facts, sufficient to show that the amount in controversy exceeds $75,000. Therefore, there is not complete diversity—since Plaintiff Hood and all Defendants are Alabama citizens—and diversity jurisdiction is not present under 28 U.S.C. § 1332.

Having no independent federal basis for jurisdiction, nor complete diversity of the parties, the Court must issue an order of dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction.

WHEREFORE, the Mt. Hebron Defendants respectfully request the Court to dismiss all Plaintiffs' claims under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Dated:          October 2, 2020                    Respectfully submitted,


                                                   */s/ Daniel S. Wolter*
                                                   Daniel S. Wolter (ASB 8043-L55D)
                                                   ***Attorney for Defendants Crossroads Community Church a Southern Baptist Fellowship f/k/a Mt. Hebron Baptist Church West, Jane Barrett, Stephen King, Terry Mullins and Elmore Baptist Association, Inc.***

6

**<u>OF COUNSEL</u>:**
Daniel S. Wolter ([dwolter@wolterlawfirm.com](mailto:dwolter@wolterlawfirm.com))
**DANIEL WOLTER LAW FIRM, INC.**
402 Office Park Drive, Suite 100
Mountain Brook, AL  35223-2435
Telephone:      205-983-6440
Facsimile:      205-900-8095

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email, on October 2, 2020:

John D. Norris, Esq.
Lee. A. Rankin, Esq.
NORRIS & RANKIN, LLC
2410 Cobbs Ford Rd.
Millbrook, AL  36054
***Attorneys for Plaintiffs Mendy Hood***
***And Nicole Rothlander***

Jimmy L. Veazey
14580 Holtville Road
Deatsville, AL  36022
***Pro Se***

State Board of Missions of the Alabama Baptist State Convention
2001 E. South Blvd.
Montgomery, AL  36116
***Pro Se***


                                        */s/ Daniel S. Wolter*
                                        OF COUNSEL