IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MENDY HOOD, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:20-cv-712-ECM |
| | ) | (WO) |
| JIMMY L. VEAZEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

In this action, the Plaintiffs, Mendy Hood and Nicole Rothlander (collectively, "Plaintiffs") bring claims of negligence, negligent supervision, intentional infliction of emotional distress, and conspiracy against Defendants Jimmy Veazey, Jane Barrett, Stephen King, Terry Mullins, the Elmore Baptist Association, Inc., the State Board of Missions of the Alabama Baptist State Convention, and the Mt. Hebron West Baptist Church, now known as the Crossroads Community Church, a Southern Baptist Fellowship (collectively, "Defendants").

Pending before the Court are the Defendants' motions to dismiss (docs. 14, 26 and 33). In their motions to dismiss, the Defendants assert that this Court lacks subject matter jurisdiction because no federal question has been raised, complete diversity does not exist, and the complaint does not allege that any amount in controversy requirement is met.

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

(1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). In their complaint, the Plaintiffs fail to specify the basis for this Court's jurisdiction. *See* Fed. R. Civ. P. 8(a). However, in their responses to the Defendants' motions to dismiss, the Plaintiffs appear to argue that this Court has jurisdiction over their complaint pursuant to the Court's federal question jurisdiction, 28 U.S.C. § 1331, or its diversity jurisdiction, 28 U.S.C. § 1332. The Court addresses each basis for jurisdiction in turn.

Federal question jurisdiction only stands when a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). The Plaintiffs' complaint establishes neither. Although the Plaintiffs assert their conspiracy claim is a federal question, merely labeling a cause of action does not make it so. The Plaintiffs do not assert a conspiracy claim pursuant to federal law nor do they assert an underlying federal cause of action upon which a conspiracy claim may lie. Accordingly, this Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.

A federal district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Jurisdiction under § 1332 requires complete diversity: every plaintiff must be diverse from every defendant. *See Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005). Plaintiffs' complaint alleges

that one plaintiff and the defendants are citizens of the State of Alabama;[1] therefore, there is not complete diversity and thus, no basis for diversity jurisdiction under 28 U.S.C. § 1332.

Accordingly, because this Court lacks jurisdiction over all the Plaintiffs' claims, it is

ORDERED that the Defendants' motions to dismiss (docs. 14, 26, & 33) are GRANTED, and this case is DISMISSED without prejudice for lack of subject matter jurisdiction.

A separate final judgment will enter.

DONE this 20th day of August, 2021.

                                                      /s/ Emily C. Marks
                                       EMILY C. MARKS
                                       CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Although the complaint does not clearly indicate where Mt. Hebron West Baptist Church is located, (*see* doc. 1 at 2, para. 6), the return receipt card shows service on that defendant in "Elmore, Alabama." (Doc. 8). Every other defendant is alleged to be a citizen of Alabama.